UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CLIFFORD ANTHONY VICK**                                                                   **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 4:19-CV-P188-JHM**

**WADE SHOEMAKER et al.**                                       **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Clifford Anthony Vick filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

**I. STATEMENT OF CLAIMS**

Plaintiff is incarcerated at the Christian County Jail. He names as Defendants the Pennyrile Drug Task Force; "Supervisors/Policy Makers," and John and Jane Does 1-10. He also names in their individual and official capacities Kentucky State Police Detective Wade Shoemaker; Muhlenberg County Sheriff's Department Detective Troy Gibson; and Central City Police Officer Dewayne Davenport. He states that on February 20, 2019, he was nearly hit by an unmarked car driven by Defendants Shoemaker and Gibson while crossing the street in Central City, Kentucky. He states that he "cussed at the unmarked vehicle" and that Defendants Shoemaker and Gibson then slammed him against a wall, identified themselves as narcotics officers, searched him, and took a cell phone and a key to a hotel room from him. He states that after 45-60 minutes Defendant Davenport asked if there was anything in the hotel room that he should know about. Plaintiff states he was handcuffed and placed in a cruiser. He further states, "Defendants never cited me disorderly."

Plaintiff alleges that Defendant Pennyrile Drug Task Force Supervisors John and Jane Does failed to properly train the officers thereby violating Plaintiff's rights; that Defendants Shoemaker and Gibson violated his Fourth and Fourteenth Amendment rights with their unlawful search and seizure; and that Defendants Shoemaker, Gibson, and Davenport violated his constitutional rights by unlawfully detaining Plaintiff for 45-60 minutes while they went on a "'fishing expedition.'"

As relief, Plaintiff asks for monetary damages and to enjoin unconstitutional practices.

The Court ordered Plaintiff to provide information regarding the criminal charges against him (DN 9). In response (DN 10), Plaintiff explained that the charges against him resulted in a conviction of trafficking in a controlled substance and drug paraphernalia and being a persistent felony offender. He states that charges of possession of marijuana and failure to comply were dismissed.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant . . . succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484 (internal quotation marks and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff has been convicted, and his criminal case has ended. *See Jenkins v. Moyer*, No. 1:08-cv-445, 2008 WL 4534018, at *2 (S.D. Ohio Oct. 9, 2008) (dismissing

3

plaintiff's claims as barred by *Heck* where plaintiff had been convicted in state court even though plaintiff had filed a notice of appeal and a motion for post-conviction relief). His claims, if successful, would call into question his conviction. As such, his claims are barred by *Heck*.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: July 31, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.009